UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AALIYAH EAVES-LEANOS,                                              PLAINTIFF
Administratrix of the Estate of James Kennedy Eaves,
On behalf of herself and all others similarly situated

v.                                                  CIVIL ACTION NO. 3:07-CV-18-S

ASSURANT, INC., et al.                                            DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court upon the motion of the defendant, Assurant, Inc. ("Assurant"), to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). In her Complaint, the plaintiff, Aaliyah Eaves-Leanos ("Eaves-Leanos"), alleges that her decedent, James Kennedy Eaves ("Eaves"), had consumer credit cards issued by the defendants, FIA Card Services (formerly known as MBNA America Bank), Citibank, and Credit First National Association. Eaves-Leanos further alleges that Eaves purchased "consumer credit card balance life insurance" on all these cards, insurance collectively underwritten and administered by the defendants, Assurant, Union Security Life Insurance Co. ("Union Security"), and American Security Insurance Co ("American Security").

According to Eaves-Leanos, when Eaves died on August 1, 2003, at the age of sixty-seven, the consumer credit card balance life insurance benefits were denied on the basis that Eaves exceeded the policies' maximum allowable age at the time of his death. But, because the defendants allegedly continued to charge and collect premiums on Eaves' consumer credit accounts for credit card balance life insurance after Eaves reached the policies' maximum age, Eaves-Leanos complains that the defendants engaged in deceptive trade practices, breach of contract, unfair claims settlement practices, and fraud, entitling her to damages, including restitution and disgorgement due to unjust enrichment. Eaves-Leanos also purports to assert class claims on behalf of all people situated similarly to Eaves.

Assurant, however, argues that it should be dismissed from this action, because it has not had, and does not have, any contact with the Commonwealth of Kentucky or Eaves. Thus, according to Assurant, this court's exercise of jurisdiction over it would be improper under the United States Constitution's Due Process Clause and Kentucky's long-arm statute. In other words, without a finding that Assurant had sufficient minimum contacts with Kentucky, exercising personal jurisdiction over it would violate the traditional notions of fair play and substantial justice embodied in the United State Constitution.

## LEGAL STANDARD

It is well-established that federal courts apply the law of the forum state when determining whether personal jurisdiction exists. *McNulty & Assoc., LLC v. Fox Toyota, Inc.*, No. 4:06-CV-94-M, 2006 WL 2710366, *1 (W.D. Ky. Sept. 20, 2006) (citing *Clay v. Hopperton Nursery, Inc.*, 533 F.Supp. 476, 478 (E.D. Ky.1982)). Thus, in this case, the applicable law is that of Kentucky.

Kentucky's long-arm statute, Ky. Rev. Stat. § 454.210, codifies the outer limits of a court's ability to exercise personal jurisdiction over a non-resident defendant. *Wilson v. Case*, 85 S.W.3d 589, 592 (Ky. 2002). Kentucky courts have held that regardless of the specific provisions in the state's long-arm statute, the relevant inquiry in determining whether a court may exercise personal jurisdiction over a non-resident defendant is whether that defendant had sufficient minimum contacts with the state as requirement by the Fourteenth Amendment to the United States Constitution. *See Nat'l Grange Mut. Ins. Co. v. White*, 83 S.W.3d 530, 533 (Ky. 2002) ("the Long Arm statute has been interpreted to be merely a vehicle which allows Kentucky courts to exercise jurisdiction to the full constitutional limits of due process"); *Tenn. Farmers Mut. Ins. Co. v. Harris*, 833 S.W.2d 850, 851 (Ky. App. 1992) ("the purpose of the Kentucky long-arm statute is to insure [sic] that Kentucky courts comply with federal constitutional requirements of due process before asserting personal jurisdiction over nonresident defendants").

In *Wilson*, the Kentucky Supreme Court explained that:

> Although KRS 454.210(2)(a) enumerates many . . . prerequisites to jurisdiction . . . [i]n practice, the precise language of the statute and the application of its terms are much less important than the simple fact that the statute exists. Courts have determined that "the long-arm statute within this jurisdiction allows Kentucky courts to reach to the full constitutional limits of due process in entertaining jurisdiction over non-resident defendants."

*Wilson*, 85 S.W.3d at 592 (quoting *Mohler v. Dorado Wings, Inc.*, 675 S.W.2d 404, 405 (Ky. Ct. App. 1984)). Thus, the focus of the court's inquiry is on whether exercising jurisdiction over Assurant complies with the United States Constitution's guarantee of due process.

Due process under the United Statutes Constitution requires that non-resident defendants have certain minimum contacts with the forum state so that defense of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 156, 158, 90 L.Ed. 95 (1945). The minimum contacts requirement ensures that the defendant's "conduct and connection with the forum State" is such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). The Sixth Circuit and Kentucky have adopted the following three-prong test for determining whether defendants maintain the requisite minimum contacts sufficient for a court to assert personal jurisdiction:

> (1) The defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state;
>
> (2) The cause of action must arise from the defendant's activities in the forum state; and
>
> (3) The acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of personal jurisdiction reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). The Kentucky Supreme court in *Wilson* noted that jurisdiction will lie only where all three prongs are satisfied. *Wilson*, 85 S.W.3d at 593.

The plaintiff, as the party invoking the court's jurisdiction, bears the burden of proving jurisdiction over each of the parties to her claims. *Lightyear Commc'ns, Inc. v. CNS Commc'ns, Ltd.*, No. 3:01-CV-65-S, 2002 WL 1540703, *2 (W.D. Ky. Jan. 23, 2002). When, prior to an evidentiary hearing, a defendant challenges the court's personal jurisdiction, the court reviews the facts of the case based on the pleadings and supporting affidavits in a light most favorable to the plaintiff. *Papa John's Int'l v. Entm't Mktg. & Commc'ns Int'l, Ltd.*, 381 F.Supp.2d 638, 641 (W.D. Ky. 2005). In such instances, the plaintiff must make "a *prima facie* showing of jurisdiction to defeat [the] Defendants' motion . . . ." *Id.* (citing *Dean v. Motel 6 Operating LP*, 134 F.3d. 1269 (6th Cir. 1998)).

## ANALYSIS

Paragraphs 8, 9, and 10 of Eaves-Leanos' Complaint alleges that Assurant sold to Eaves consumer credit card balance life insurance that was underwritten and administered by Assurant which collected and received premiums for such insurance. All or part of Assurant's conduct allegedly occurred in Jefferson County, Kentucky, where Eaves-Leanos' asserts it carries on regular business. However, the evidence submitted by Eaves-Leanos' in support of her contentions fails to establish a *prima facie* case of personal jurisdiction.

In her affidavit, Eaves-Leanos' states that she has "received correspondence from Assurant Solutions and the Assurant Group." The court's review of that correspondence, however, clearly shows that the relevant insurance policies were underwritten, administered, and sent to Kentucky by American Security and Union Security.  Although Assurant is the parent company of American Security and Union Security, that relationship alone is not a proper basis for this court to hold jurisdiction over Assurant. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n13, 104 S.Ct. 1473, 1482  n13, 79 L.Ed.2d 790 (1984) (recognizing that jurisdiction must be independently asserted over all defendants and that jurisdiction over a parent corporation does not automatically establish jurisdiction over a wholly owned subsidiary); *Dean v. Motel 6 Operating LP*, 134 F.3d

1269, 1274 (6th Cir. 1998) ("a company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction").

The remaining evidence submitted by Eaves-Leanos also fails to establish jurisdiction. The email from David Blandford, counsel for the defendants, Citigroup, Inc. and Citibank, N.A., refers to Assurant as the underwriter for the relevant insurance policies. Blandford, however, has no relationship to Assurant and no personal knowledge of Assurant's business, corporate structure, or contacts with Kentucky. The court cannot give this email much weight, particularly in light of the affidavit of Katherine Greenzang, a Senior Vice-President, General Counsel, and Secretary for Assurant.

In her affidavit, Greenzang swears that:

> 5. Assurant does not maintain finances, bank accounts or corporate books and records, nor does it have any employees, officers, or a board of directors in the State of Kentucky
>
> 6. Assurant has no contacts whatsoever with the State of Kentucky
>
> 7. Assurant does not now, nor has it ever, maintained corporate offices in the State of Kentucky
>
> 8. Assurant does not now, nor has it ever, transacted business in the State of Kentucky, and is not qualified to transact business in Kentucky
>
> 9. Assurant is not now, nor has it ever been, a party to any agreement(s) with James Kennedy Eaves
>
> 10. Assurant does not now, nor has it ever, done business with James Kennedy eaves
>
> 11. Assurant is not an insurance company. Assurant has never sold, underwritten, issued or marketed insurance in Kentucky or in any other state, including the insurance products at issue in the Complaint file in this case. Assurant has never charged, collected or contracted to collect insurance premiums from any resident of Kentucky or elsewhere

          12. Assurant is not engaged in trade or commerce, and it did not and does not sell services or goods to any person in the State of Kentucky or elsewhere

Even when viewed in a light most favorable to Eaves-Leanos, Greenzang's declarations taken together with the pleadings clearly indicate that Eaves-Leanos cannot satisfy any of the prongs for establishing personal jurisdiction. As such, the court is compelled to dismiss Assurant for lack of personal jurisdiction. A separate order in accordance with opinion will be issued.