UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AALIYAH EAVES-LEANOS,                                                                                   PLAINTIFF
Administratrix of the Estate of James Kennedy Eaves,
On behalf of herself and all others similarly situated

v.                                                                                        CIVIL ACTION NO. 3:07-CV-18-S

ASSURANT, INC., et al.                                                                               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court upon the motion of the defendant, American Security Insurance Co. ("American Security"), to dismiss the complaint of the plaintiff, Aaliyah Eaves-Leanos ("Eaves-Leanos"), pursuant to Fed. R. Civ. P. 12(b)(6). In her Complaint, Eaves-Leanos alleges that her decedent, James Kennedy Eaves ("Eaves"), had consumer credit cards issued by the defendants, FIA Card Services (formerly known as MBNA America Bank and hereinafter "MBNA"), Citibank, and Credit First National Association. Eaves-Leanos further alleges that Eaves purchased "consumer credit card balance life insurance" on all these cards, insurance collectively underwritten and administered by the defendants, Assurant, Inc., Union Security Life Insurance Co., and American Security.

According to Eaves-Leanos, when Eaves died on August 1, 2003, at the age of sixty-seven, the consumer credit card balance life insurance benefits were denied on the basis that Eaves exceeded the policies' maximum allowable age at the time of his death. But, because the defendants allegedly continued to charge and collect premiums on Eaves' consumer credit accounts for credit card balance life insurance after Eaves reached the policies' maximum age, Eaves-Leanos complains that the defendants engaged in deceptive trade practices, breach of contract, unfair claims settlement practices, and fraud, entitling her to damages, including restitution and disgorgement due to unjust

- 2 -

enrichment. Eaves-Leanos also purports to assert class claims on behalf of all people situated similarly to Eaves.

American Security now moves to dismiss the claims asserted against it by Eaves-Leanos, arguing that it did not provide any credit card balance life insurance to Eaves or anyone else. With its Motion, American Security submits the affidavit of Dan Woodward, its Vice-President of Payment Protection Operations, as well as certificates of insurance purportedly issued to Eaves by American Security in connection with his MBNA credit card.

In Response, Eaves-Leanos contends that the court, on a Rule 12(b)(6) motion, cannot take Woodward's affidavit into consideration without first converting the Motion to one for summary judgment. In Reply, American Security suggests that Woodward's affidavit and the certificates of insurance are implied by the allegations in the Complaint, and therefore, the court can take them into consideration. American Security cites for support *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507 (6th Cir. 1999), where the Sixth Circuit acknowledged that the life insurance polices that were attached to the defendant's motion to dismiss could be reviewed without converting the motion into one for summary judgment because the life insurance policies were "referred throughout the complaint," and "the policies [were] central to the [plaintiff's] claims." *Id.* at 514.

While based on *Greenberg*, the court recognizes that it has the discretion to review the certificates of insurance submitted by American Security without converting the Motion to one for summary judgment, the court also recognizes that it has no authority upon which to review Woodward's affidavit, which is not referenced in the Complaint and which would be necessary to the court's decision in this matter. As such, the court would need to convert the Motion into one for summary judgment.

However, American Security's Motion was filed in February 22, 2007, approximately one month after Eaves-Leanos' Complaint was removed to this court and before any opportunity for discovery. The court realizes that if we were to now convert American Security's Motion into one

- 3 -

for summary judgment, it would rightly be faced with a Rule 56(f) motion for extension of time, given that a discovery order has yet to be issued.

To avoid this needless motion practice, **IT IS HEREBY ORDERED AND ADJUDGED** that American's Security's Motion to Dismiss is **DENIED** with leave to **REINSTATE** via a motion for summary judgment following the commencement of discovery.