UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AAILYAH EAVES-LEANOS,     PLAINTIFF
Administratrix of the Estate of James Kennedy Eaves,
On behalf of herself and all others similarly situated

v.     CIVIL ACTION NO. 3:07-CV-18-S

ASSURANT, INC., et al.     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court upon the motion of the plaintiff, Aaliyah Eaves-Leanos ("Eaves-Leanos"), Administratrix of the Estate of James Kennedy Eaves ("Eaves"), for leave to file her First Amended Class Action Complaint (DN 46). Defendant Bank of America, N.A. and FIA Card Services, N.A. (collectively "Bank of America") oppose the motion (DN 76).[1]

In her complaint, Eaves-Leanos alleges that Eaves had consumer credit cards issued by the defendants, Bank of America, Credit First National Association, and Citibank (South Dakota), N.A. and Citigroup Inc.(collectively "Citibank"). Eaves-Leanos further alleges that Eaves purchased insurance on all of these cards which provided coverage that would pay credit card payments and balances in the event of the holder's loss of income, disability, or death. The insurance is alleged

---

[1] Defendants Citigroup Inc. and Citibank (South Dakota), N.A. (collectively "Citibank"),and Assurant Inc. have filed separate responses to the motion as well (DNs 80, 56). Citibank does not oppose Eaves-Leanos' motion. Citibank maintains that her claims against it are subject to arbitration on an individual basis as argued in its motion to compel arbitration and stay proceedings pending arbitration. The court agrees and has ordered Eaves-Leanos to arbitrate her claims against Citibank and an individual basis and has stayed proceedings with respect to Citibank pending completion of the arbitration process. Assurant Inc. opposes Eaves-Leanos motion. Insomuch as Assurant Inc. is no longer a defendant in this action, having been dismissed by order of this court (DN 107), its opposition to the motion is moot.

to have been underwritten and administered by the defendants Assurant, Inc., Union Security Life Insurance Co., and American Security Insurance Co. (collectively referred to as "Assurant").

According to Eaves-Leanos, when Eaves died on August 1, 2003, at the age of sixty-seven, certain insurance benefits alleged to have been purchased by Eaves were denied on the basis that he exceeded the policies' maximum allowable age at the time of his death. But, because the defendants allegedly continued to charge and collect premiums on Eaves' consumer credit accounts for certain insurance benefits after he reached the policies' maximum age, Eaves-Leanos complains that the defendants engaged in deceptive trade practices, breach of contract, unfair claims settlement practices, and fraud, entitling her to damages, including restitution and disgorgement due to unjust enrichment. Eaves-Leanos also purports to assert class claims on behalf of all people situated similarly to Eaves.

Eaves-Leanos now moves for leave to file her First Amended Class Action Complaint. The Amended Complaint adds two new parties, American Bankers Life Assurance Company of Florida ("ABLAC") and American Bankers Insurance Company of Florida ("ABIC"). Eaves-Leanos alleges that both ABLAC and ABIC are subsidiaries of Assurant Inc. and that both were underwriters of the insurance benefits charged to the credit card issued to Eaves by defendant Credit First National Association ("CFNA"). The Amended Complaint also contains more specific allegations against all defendants in the action.

Bank of America opposes Eaves-Leanos motion. In opposition to Eaves-Leanos' motion, Bank of America has filed what is, in effect, a motion to dismiss, contending that the motion should be denied because the Amended Complaint fails to state a claim upon which relief can be granted.[2]

---

[2] Bank of America also argues that the filing of an Amended Complaint would be futile if the court were to grant
(continued...)

In opposing Eaves-Leanos' motion, Bank of America has submitted the declarations of Deborah Fisher, its Operational Risk Manager, Lesley Collins, its Senior Vice-President of the Credit Card Protection Team, and Dan Woodward, American Security Insurance Company's Vice-President of Payment Protection Operations. Bank of America has also submitted what is purported to be the credit card agreement governing Eaves' Bank of America credit card, certificates and memoranda of insurance provided to Eaves, and Eaves' credit card statements.

Eaves-Leanos contends that the court cannot take the submitted declarations into consideration without first converting Bank of America's motion to dismiss into one for summary judgment. Bank of America suggests that the submitted declarations and documents are implied by the allegations in Eaves-Leanos' Amended Complaint, and therefore, the court can take them into consideration. In *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507 (6th Cir. 1999), the Sixth Circuit acknowledged that the life insurance policies that were attached to the defendant's motion to dismiss could be reviewed without converting the motion into one for summary judgment because the life insurance policies were "referred to throughout the complaint," and "the policies [were] central to the [plaintiff's] claims." *Id.* at 514.

While the court recognizes that based on *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507 (6th Cir. 1999), the court has the discretion to review the documents submitted by Bank of America without converting its motion to dismiss to one for summary judgment, the court also recognizes that it has no authority upon which to review the submitted declarations. The declarations are not referenced in the Amended Complaint and would be necessary to the court's decision in this matter.

---

²(...continued)
its motions to sever (DN 35) and transfer (DN 36) the claims filed against it. However, the court has denied Bank of America's motions to sever and transfer at this time.

As such, the court would need to convert Bank of America's motion to dismiss into one for summary judgment. Because discovery in this action has yet to commence, the court will not convert the motion to dismiss into one for summary judgment. Accordingly, Eaves-Leanos' motion for leave to file her First Amended Class Action Complaint will be granted in part and denied in part.

For the reasons set forth above, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the Plaintiff, Aaliyah Eaves-Leanos, Administratrix of the Estate of James Kennedy Eaves, for leave to file her First Amended Class Complaint (DN 46) is **GRANTED** in part and **DENIED** in part as follows:

(1) Plaintiff's motion is **DENIED** insofar as the First Amended Class Complaint seeks to assert claims against Assurant Inc. which was previously dismissed by order of this court (DN 107), and is **DENIED** insofar as the First Amended Class Complaint seeks to assert claims against Citibank (South Dakota), N.A. and Citigroup, Inc. (collectively "Citibank") as the court has compelled Plaintiff to arbitrate her claims against Citibank on an individual basis.

(2) Plaintiff's motion is **GRANTED** in all other respects and Plaintiff's First Amended Class Action Complaint is permitted to be filed of record.

**IT IS FURTHER ORDERED** that the motion of the defendants, Bank of America, N.A. and FIA Card Services, N.A. (collectively "Bank of America") to dismiss (DN 76) is **DENIED** with leave to **REINSTATE** via a motion for summary judgment following the commencement of discovery.

**IT IS SO ORDERED** this