UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AAILYAH EAVES-LEANOS,                                                    PLAINTIFF
Administratrix of the Estate of James Kennedy Eaves,
On behalf of herself and all others similarly situated

v.                                                      CIVIL ACTION NO. 3:07-CV-18-S

ASSURANT, INC., et al.                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court upon the motion of the defendant, Bank of America, N.A. and

FIA Card Services, N.A. (collectively, "Bank of America"), to sever (DN 35) and transfer (DN 36),

the claims filed against them by the plaintiff, Aaliyah Eaves-Leanos ("Eaves-Leanos"),

Administratrix of the Estate of James Kennedy Eaves ("Eaves").[1]

In her complaint, Eaves-Leanos alleges that Eaves had four different consumer credit cards

issued by the defendants: two cards issued by Citibank, N.A. and Citigroup, Inc. (collectively

"Citibank"); one card issued by Credit First National Association ("CFNA"); and one card issued

by Bank of America. Eaves-Leanos further alleges that Eaves purchased insurance policies on each

of these four cards which provided coverage that would pay credit card payments and balances in

the event of the Eaves' loss of income, disability, or death. The insurance is alleged to have been

underwritten and administered by the defendants Union Security Life Insurance Co. and American

Security Insurance Co.(collectively referred to as "Assurant").

---

[1] Defendants Assurant, Inc., American Security Insurance Company, and Union Security Life Insurance
Company join in Bank of America's motions to sever and transfer. Assurant, Inc. is no longer a defendant in this action
having been dismissed by order of this court (DN 107).

According to Eaves-Leanos, when Eaves died on August 1, 2003, at the age of sixty-seven, certain insurance benefits alleged to have been purchased by Eaves were denied on the basis that he exceeded the policies' maximum allowable age at the time of his death.  But, because the defendants allegedly continued to charge and collect premiums on Eaves' consumer credit accounts for certain insurance benefits after he reached the policies' maximum age, Eaves-Leanos complains that the defendants engaged in deceptive trade practices, breach of contract, unfair claims settlement practices, and fraud, entitling her to damages, including restitution and disgorgement due to unjust enrichment.  Eaves-Leanos also purports to assert class claims on behalf of all people situated similarly to Eaves.

Bank of America now moves to sever Eaves-Leanos' claims against it from her claims against Citibank and CFNA.  Permissive joinder of parties is governed by Rule 20(a) of the Federal Rules of Civil Procedure, which provides in relevant part:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.  A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded.  Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed.R.Civ.P 20(a).  Thus, in accordance with Rule 20(a) two requirements must be satisfied for joinder of multiple defendants to be proper: (1) the claims against the defendants must arise out of "the same transaction, occurrence, or series of transactions or occurrences" ("transactional relatedness"); and (2) the claims against the defendants must present some common question of law or fact ("commonality").

The purpose of Rule 20(a) is to promote judicial economy and trial convenience. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) (cited with approval by *Crutcher v. Com. of Ky.*, 961 F.2d 1576 (6th Cir. 1992)).   It is governed by the principle to allow "the broadest possible scope of action consistent with fairness to the parties." *Id.* (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

In this case, Eaves-Leanos' claims against Bank of America clearly arise from the same transaction or occurrence as her claims against Assurant.   Moreover, those claims clearly present common questions of law and fact.   Whether her claims against Bank of America also arise out of the same transaction or occurrence as her claims against Citibank and CFNA, and whether the claims against these three defendants present a common question of law or fact is a closer call.

Bank of America contends that Eaves-Leanos' claims arise from three separate transactions or occurrences: (1) Eaves alleged purchase of credit insurance on his Bank of America credit card; (2) Eaves alleged purchase of credit insurance on his Citibank credit card; and (3) Eaves alleged purchase of credit insurance on his CFNA card.   Bank of America also contends that no common question of law or fact exists as Eaves-Leanos' claims require an individualized inquiry into separate insurance contracts.   Eaves-Leanos does not dispute that Eaves separately purchased credit insurance on each of the card cards that were issued to him. However, she contends that Eaves purchased substantially the same Assurant credit insurance product on each card.

The court is not convinced that severance is proper at this time.   Without further evidence as to the dissimilarity of the insurance products purchased with respect to each credit card, the court cannot properly rule as to whether joinder of the defendants would promote judicial economy and

trial convenience.  Accordingly, at this time, we will deny Bank of America's motions for severance and transfer.

Motion having been made by the Defendants, Bank of America, N.A. and FIA Card Services, N.A. (together "Bank of America") to Sever (DN 35) and Transfer (DN 36), and the court being otherwise sufficiently advised **IT IS HEREBY ORDERED AND ADJUDGED** that Bank of America's motions are **DENIED** with leave to **REINSTATE** following the commencement of discovery.

**IT IS SO ORDERED** this