UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AAILYAH EAVES-LEANOS,                                           PLAINTIFF
Administratrix of the Estate of James Kennedy Eaves,
On behalf of herself and all others similarly situated

v.                                                CIVIL ACTION NO. 3:07-CV-18-S

ASSURANT, INC., et al.                                         DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court upon the motion of the defendant, Bank of America, N.A., and

FIA Card Services, N.A. (collectively "Bank of America") to compel arbitration and stay proceedings

pending arbitration (DN 118).  Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*., Bank of

America seeks to compel arbitration on an individual basis of the claims asserted against it by the

plaintiff Aaliyah Eaves-Leanos ("Eaves-Leanos"), Administratrix of the Estate of James Kennedy Eaves

("Eaves").

## BACKGROUND

Eaves-Leanos alleges that Eaves had consumer credit cards issued by defendants, Citibank (South

Dakota) N.A. and Citigroup, Inc. (collectively "Citibank"), Credit First National Association ("CFNA"),

and Bank of America.  Eaves-Leanos further alleges that Eaves purchased insurance on all of these cards

which provided coverage that would pay credit card payments and balances in the event of the holder's

loss of income, disability, or death.  The insurance is alleged to have been underwritten and administered

by the defendants Union Security Life Insurance Company ("USLIC"), American Security Insurance

Company ("ASIC"), American Bankers Life Assurance Company of Florida ("ABLAC"), and American

Bankers Insurance Company of Florida ("ABIC") (collectively the "Insurer Defendants").

According to Eaves-Leanos, when Eaves died on August 1, 2003, at the age of sixty-seven,

certain insurance benefits alleged to have been purchased by Eaves were denied on the basis that he

exceeded the policies' maximum allowable age at the time of his death.  But, because the defendants allegedly continued to charge and collect premiums on Eaves' consumer credit accounts for certain insurance benefits after he reached the policies' maximum age, Eaves-Leanos complains that the defendants engaged in deceptive trade practices, breach of contract, unfair claims settlement practices, and fraud, entitling her to damages, including restitution and disgorgement due to unjust enrichment. Eaves-Leanos also purports to assert class claims on behalf of all people situated similarly to Eaves.

Eaves was first issued a credit card by Bank of America in May 1995.  Eaves' credit card was governed by a written cardholder agreement (the "BOA Cardholder Agreement"). The BOA Cardholder Agreement states that the credit card account shall be "governed by the laws of the State of Delaware and any federal laws."  While the original BOA Cardholder Agreement did not contain an arbitration provision, it did expressly allow for Bank of America to change the terms of the agreement, provided that it comply with applicable notification requirements.  Pursuant to its contractual right to amend the BOA Cardholder Agreement, Bank of America mailed Eaves "Important Amendments to Your Credit Card Agreement" (the "Amendment") along with Eaves' December 1999 billing statement.  The amendment included an arbitration agreement (the "BOA Arbitration Agreement") which provided that all claims arising from Eaves' credit card account were subject to arbitration.  The BOA Arbitration Agreement provided that no claims submitted to arbitration may be brought as a class action and that all arbitrations shall be conducted by the National Arbitration Forum.  The Amendment contained language expressly providing Eaves with the opportunity to opt out of the BOA Arbitration Agreement.  Despite this opportunity, Eaves did not elect to opt out.  Bank of America, therefore, contends that  Eaves-Leanos' claims against it are subject to arbitration.

This court previously granted Citibank's motion to compel arbitration, ruling that Eaves-Leanos's claims against Citibank were subject to arbitration pursuant to an arbitration agreement included in

Eaves' Citibank cardholder agreement which is substantially similar to the BOA Arbitration Agreement. *Eaves-Leanos v. Assurant,* No. 3:07-CV-18-CRS ("Citibank Opinion") (DN 110).

## DISCUSSION

The Federal Arbitration Act ("FAA") provides that a written agreement to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  The FAA generally preempts state law and policies regarding arbitration.  *See Fazio v. Lehman Bros. Inc.*, 340 F.3d 386, 393 (6th Cir. 2003).  However, the McCarran-Ferguson Act operates to save state statutes enacted for the purpose of regulating the business of insurance from federal preemption.  15 U.S.C. § 1012.  Thus, the McCarran-Ferguson Act has the effect of rendering an arbitration clause in an insurance contract unenforceable where a state statute enacted for the purpose of regulating the business of insurance so provides.  Kentucky has enacted such a statute at KRS 415.050(2).[1]  *See National Home Ins. Co. v. King*, 291 F.Supp.2d. 518, 530 (E.D.Ky. 2003) (holding that the McCarran-Ferguson Act operates to save KRS 415.050(2) from federal preemption).

Eaves-Leanos argues that pursuant to the McCarran-Ferguson Act, KRS 415.050(2), rather than the FAA, is applicable to the BOA Arbitration Agreement.[2]  She argues that KRS 415.050(2) renders the BOA Arbitration Agreement unenforceable.  Assuming Kentucky law is applicable to Eaves-Leanos'

---

[1]  KRS 417.050 provides, in relevant part:

> A written agreement to submit any existing controversy to arbitration or a provision in written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law for the revocation of any contract. **This chapter does not apply to. . .**
>
> (2) **Insurance contracts**. (Emphasis added).

[2] Eaves-Leanos also raised this argument in challenging the application of the FAA to the arbitration agreement in Eaves' Citibank cardholder agreement.  Citibank Opinion at 5-8.

claims against Bank of America, in order for KRS 415.050(2) to apply and render the BOA Arbitration Agreement unenforceable, the BOA Arbitration Agreement must be in an "insurance contract."[3] Inasmuch as this court does not find the BOA Cardholder Agreement to be an insurance contract, KRS 415.020(2) is inapplicable and does not operate to render the BOA Arbitration Agreement unenforceable.

Under Kentucky law, an insurance contract is "a contract of indemnity whereby the insurer agrees to indemnify the insured for any loss resulting from a specific event." *Buck Run Baptist Church, Inc. v. Cumberland Sur. Ins. Co., Inc.*, 983 S.W.2d 501, 504. This court previously held that the cardholder agreement between Citibank and Eaves is not an insurance contract. Citibank Opinion at 8. Eaves-Leanos is correct in noting that the BOA Cardholder Agreement differs from the Citibank cardholder agreement in that the BOA Cardholder Agreement includes a description of the insurance products purchased by Eaves, including their coverages and costs. However, Eaves-Leanos specifically alleges that the insurance products purchased by Eaves were the Insurer Defendants' products. The court does not find the BOA Cardholder Agreement to be transformed into an insurance contract merely because it describes the Defendant Insurers' insurance products. Like the cardholder agreement between Citibank and Eaves, the BOA Cardholder Agreement between Bank of America and Eaves is nothing more than an agreement for an extension of credit, and cannot properly be considered an insurance contract. Accordingly, the FAA is applicable to the BOA Arbitration Agreement.

"Before compelling an unwilling party to arbitrate a court must engage in a limited review to determine whether the dispute is arbitrable; meaning [1] that a valid agreement to arbitrate exists between the parties and [2] that the specific dispute falls within the substantive scope of that agreement." *Bratt*

---

[3] Eaves-Leanos contends that Kentucky law governs her claims against Bank of America. The BOA Cardholder Agreement provides that such claims are governed by Delaware law. Delaware law does not invalidate arbitration agreements in insurance contracts. 10 Del.C. § 5701. Therefore, under Delaware law, the FAA is applicable to the BOA Arbitration Agreement.

- 4 -

*Enterprises, Inc. v. Noble International, Ltd.*, 338 F.3d 609, 612 (6th Cir. 2003). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Javitch*, 315 F.3d at 624. Thus, a party resisting arbitration bears the burden of showing that the arbitration agreement is invalid or does not encompass the claims at issue. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000).

Eaves-Leanos does not contest that her claims fall within the substantive scope of the BOA Arbitration Agreement. Rather, she challenges the BOA Arbitration Agreement's validity. Eaves-Leanos argues that: (1) the BOA Arbitration Agreement is unconscionable; (2) the cost of arbitration would be prohibitive and would effectively bar her from bringing a claim capable of economic success; and (3) Bank of America's motion to compel arbitration amounts to a motion to sever and transfer her claims against Bank of America which should be denied. State law governs the determination of whether a valid agreement to arbitrate exists between the parties. *Stutler v. T.K. Constructors Inc.*, 448 F.3d 343, 345 (6th Cir. 2006). Eaves-Leanos argues that the applicable law is that of Kentucky. Bank of America contends that pursuant to the choice of law provision in the BOA Cardholder Agreement Delaware law is applicable.[4]

This court previously held that the arbitration agreement in the Citibank cardholder agreement was neither procedurally not substantively unconscionable under Kentucky law. Citibank Opinion at 10-15. As noted above, the BOA Arbitration Agreement is substantially similar to the Citibank arbitration agreement. With respect to Kentucky law on the issue of unconscionability, Eaves-Leanos merely adopts and reiterates by reference arguments already considered and rejected by this court. This court finds no reason to depart from our previous holding with respect to these arguments. Eaves-Leanos, however,

---

[4] Eaves-Leanos challenges the BOA Arbitration Agreement's validity by presenting the same arguments she raised in challenging the Citibank arbitration agreement. In rejecting these arguments with respect to the Citibank arbitration agreement, the court applied both Kentucky and South Dakota law. Citibank Opinion at 10-16.

specifically argues once again that an arbitration agreement containing a provision requiring plaintiffs to proceed on an individual non-class basis, such as the BOA Arbitration Agreement, is unconscionable. As we previously held with respect to the Citibank arbitration agreement's class action waiver provision, such a provision does not render an arbitration agreement unconscionable under Kentucky law. Citibank Opinion at 12 (citing *Lockman v. J.K. Harris & Co., LLC*, 2007 WL 734951 at *4 (W.D.Ky. March 6, 2007)). Neither does such a provision render an arbitration agreement unconscionable under Delaware law. *See Edelist v. MBNA Am. Bank*, 790 A.2d 1249 (Del. Super. Ct. 2001).

With respect to the costs of arbitration, this court previously held that Eaves-Leanos failed to establish that the cost of arbitration pursuant to the Citibank arbitration agreement would be prohibitive and would effectively bar her from bringing a claim capable of economic success. Citibank Opinion at 15. This court finds the same to be true with respect to the BOA Arbitration Agreement.

With respect to Eaves-Leanos' argument that Bank of America's motion to compel is essentially a motion to sever and transfer her claims against Bank of America, this court has noted that the enforcement of an arbitration agreement is not a rule of trial and forum convenience. Citibank Opinion at 15. Accordingly, the fact that Eaves-Leanos has included parties other than Bank of America in this action has no bearing on whether her claims against Bank of America are subject to arbitration.

For the above stated reasons, the court will grant Bank of America's motion to compel arbitration and will stay this action with respect to Bank of America pending completion of arbitration. A separate order will be entered herein this date in accordance with this opinion.